UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKIE FLORINCEO ALVAREZ SR., | Case No. 2:25-cv-01586-DAD-CSK |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTIONS |
| v. | (ECF Nos. 9, 11) |
| ANGELA RICHARDS, et al., | |
| Defendants. | |

Plaintiff Blackie Florinceo Alvarez Sr., who is proceeding pro se, has filed a motion for appointment of counsel and motion for extension of time. (ECF Nos. 9, 11). Pursuant to Eastern District of California Local Rules 230(g) and 233(c), the motions are submitted upon the record and the briefs.

I. **Motion to Appoint Counsel**

On November 19, 2025, Plaintiff filed a motion for appointment of counsel. (ECF No. 9.) In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." *United States ex Rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*,

1

560 F.3d 965, 970 (9th Cir. 2009). Here, Plaintiff argues there are exceptional circumstances present based on the following: prior cases establishing Plaintiff's difficulty in presenting cases; Plaintiff's medical condition making him legally blind; Plaintiff's lack of access to a law library; Plaintiff establishing a "prima facie case" based on a proposed amended complaint, and Plaintiff's illegible handwriting and inability to type. ECF No. 9 at 2-3. Although the Court is sympathetic to Plaintiff's difficulties, there are no exceptional circumstances warranting the appointment of counsel in this case. Therefore, Plaintiff's motion for appointment of counsel (ECF No. 9) is DENIED.

## II.     Motion for Extension of Time

Plaintiff's first motion for extension was granted on October 21, 2025 and Plaintiff was provided until November 19, 2025 to file objections. (ECF Nos. 7, 8.) On November 19, 2025, Plaintiff also filed a second motion for extension of time to file objections to the Court's August 25, 2025 Findings and Recommendations. (ECF No. 11.) Plaintiff requests an extension of time until December 17, 2025 to file objections. *Id*. at 1. Plaintiff states he needs assistance to draft his objections due to his visual disability. *Id*. at 2-3. The Court grants Plaintiff's motion for good cause. Plaintiff will be provided until December 17, 2025 to file his written objections to the Court's August 25, 2025 Findings and Recommendations. In total, Plaintiff has been granted over 3 months to file objections to the Court's August 25, 2025 Findings and Recommendations. Plaintiff is warned that further extensions of time will not be permitted absent a showing of good cause.

## III.     CONCLUSION

Based on the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 9) is DENIED; and

///
///
///
///

2

2. Plaintiff's motion for an extension of time (ECF No. 11) is GRANTED. Plaintiff has until December 17, 2025 to file written objections to the Court's August 25, 2025 Findings and Recommendations.

Dated: December 1, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, alva1586.25